UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GERALD ANDERSON,

        Plaintiff,                              Case No.: 3:12-CV-365

  vs.

COMMISSIONER OF                         District Judge Walter H. Rice
SOCIAL SECURITY,                        Magistrate Judge Michael J. Newman

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 1383(c).  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's Memorandum in Opposition (doc. 9), Plaintiff's Reply (doc. 10), the administrative record, and the record as a whole.[2]

**I.**

    **A.   Procedural History**

Plaintiff previously applied for SSI in 1996, 2000, and 2004.  Tr. 68-71, 262-64, 325-27, 533-35, 602-06.  After these three applications were each administratively denied, Plaintiff subsequently filed an application for SSI on May 13, 2008, asserting that he has been under a

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the administrative record will refer only to the transcript page number as "Tr."  Additionally, Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors and the administrative decision, *see* doc. 9 at PageID 32-33 and tr. 30-36, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

disability since June 21, 2007. Tr. 1023-25. This alleged onset date falls the day after the most recent administrative denial. *Id*.

Following initial administrative denials of his fourth application, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Thomas McNichols on July 8, 2011. Tr. 1357-1405. ALJ McNichols issued a written decision in this case on July 25, 2011, concluding that Plaintiff was not disabled. Tr. 28-39. Specifically, the ALJ's Findings were as follows:

1. The claimant has not engaged in substantial gainful activity since May 13, 2008, the application date (20 C.F.R. § 416.971 *et seq.*);

2. The claimant has the following severe impairments: chronic back pain; asthma; depression/anxiety; history of antisocial personality disorder; and history of learning disorder (20 C.F.R. § 416.920(c));

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 406.920(d), 416.925 and 416.926);

4. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ["RFC"][3] to perform light work as defined in 20 C.F.R. § 416.967(b) subject to the following limitations: no climbing of ropes, ladders, or scaffolds; no repetitive bending; no repetitive twisting at the waist; no exposure to hazards, temperature extremes/humidity, or irritants; no exposure to the general public; must have the opportunity to alternate sitting and standing at 30-minute intervals; no complex or detailed instructions; only low stress jobs with no production quotas, only routine work, and no exposure to hazards; only simple one- or two-step tasks requiring little, if any, concentration; and only occasional contact with coworkers and supervisors;[4]

---

[3] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain. 20 C.F.R. § 416.945(a). The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. § 416.945(b), (c), and (d).

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.*

5. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965);

6. The claimant was born [in] 1962 and was 46 years old, which is defined as a "younger individual age 18-49," on the date the application was filed (20 C.F.R. § 416.963);

7. The claimant has a "limited" education and is able to communicate in English (20 C.F.R. § 416.964);

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2);

9. Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)); [and]

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 13, 2008, the date the application was filed (20 C.F.R. § 416.920(g)).

Tr. 30-37 (brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. Tr. 17-19; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). This timely appeal followed. *See Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 435 (6th Cir. 2007).

**B. Plaintiff's Hearing Testimony**

At the administrative hearing, Plaintiff testified before the ALJ that he is 49 years old and weighs 220 pounds. Tr. 1360. Plaintiff lives with his girlfriend. Tr. 1362. Plaintiff testified that he completed the tenth grade, is able to read and write, and does not have a driver's license. Tr. 1362-63. He last worked as a dishwasher in 2005 before quitting that position. Tr. 1364.

Plaintiff testified that he cannot work due to a number of conditions including, *inter alia*, back pain, arthritis, asthma, anxiety, depression, and migraine headaches. Tr. 1366-69. Plaintiff stated he has never received physical therapy or injections for his back pain, has never visited a pain management or orthopedic specialist, and is not currently taking pain medications. Tr. 1365-66. Plaintiff also testified that he experiences rapid mood swings and becomes irritated easily. Tr. 1368. He has not sought counseling for these issues; nor has he been hospitalized for treatment of psychological problems. Tr. 1369. He takes no medication for depression or anxiety. *Id*.

Plaintiff testified that he interacts with his family members, and is able to concentrate on tasks. Tr. 1378. He can cook, wash dishes, do laundry, sweep, mop, and make beds. Tr. 1377. He can also feed, dress, and groom himself. *Id*. He enjoys gardening and occasionally walks in his yard for exercise. Tr. 1378. Plaintiff testified that, on a typical day, he sleeps until noon, watches television, and does general household chores. Tr. 1373. Plaintiff estimates he can walk 50 feet and lift up to 20 pounds. Tr. 1373, 1375.

### C. Vocational Expert's Testimony

Suman Srinivasan, a vocational expert ("VE"), also testified at the hearing. She stated that Plaintiff's past relevant work was as a stock clerk (performed at the heavy, semi-skilled level) and dishwasher (performed at the medium, unskilled level). Tr. 1395. The VE testified that she "used the Southwest Ohio region" in making her assessment, and that the region includes Cincinnati, Dayton, and Springfield and the surrounding counties. Tr. 1395. The ALJ asked the VE a number of hypothetical questions premised on Plaintiff's ability to perform light work with the following restrictions: no climbing of ropes, ladders, or scaffolds; no repetitive bending; no repetitive twisting at the waist; no exposure to hazards, temperature extremes/humidity, or irritants; no exposure to the general public; and no complex or detailed instructions. Tr. 1395-98. The

ALJ also noted in his hypotheticals that Plaintiff must have an opportunity to alternately sit and stand every 30 minutes; can only perform low stress jobs with no production quotas, and simple one- or two-step tasks requiring little, if any, concentration; and can only withstand occasional contact with co-workers and supervisors. *Id.* In response, the VE testified that, despite these limitations, Plaintiff can perform 10,000 medium, 10,000 light, and 3,500 sedentary level jobs, *i.e.*, a total of 23,500 jobs in the regional economy. Tr. 1396-99.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 1383(c)(3); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job, and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920. Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 20 C.F.R. § 416.920. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains an RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

### III.

Plaintiff's sole argument on appeal is that the ALJ erred at Step 5 by failing to satisfy "his burden of proving that there are a significant number of jobs within the national economy that [Plaintiff can] perform." Doc. 6 at PageID 31.

Under the regulations, work exists in the national economy when it exists in "significant numbers either in the region where a Social Security claimant lives, or in several other regions of the country." 20 C.F.R. § 416.966(a). As the regulation further makes clear, "[i]t does not matter whether . . . [w]ork exists in the immediate area in which you live . . . [a] specific job vacancy exists for you . . . or [y]ou would be hired if you applied for work." *Id.* §§ 416.966(a)(1), (a)(2), (a)(3). "In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exist, the hypothetical questions asked of the VE must accurately portray a claimant's physical and mental impairments." *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). In formulating the hypothetical, the ALJ needs to incorporate only those limitations that he or she accepts as credible. *See Casey*, 987 F.2d at 1235. A VE's response to a hypothetical question that accurately portrays the claimant's impairments constitutes substantial evidence for determining whether or not a disability exists. *Pasco v. Comm'r of Soc. Sec.*, 137 F. Appx. 828, 845 (6th Cir. 2005) (citing *Varley v. Sec'y of H.H.S.*, 820 F.2d 777, 779 (6th Cir. 1987)).

The Court must thus engage in two inquiries. First, were the hypothetical questions asked here by the ALJ accurate? Second, if those hypotheticals were accurate, did the VE, in response, identify a significant number of jobs in the national economy?

The Court answers the first question in the affirmative. The ALJ's hypotheticals to the VE incorporated all of the limitations the ALJ reasonably found credible and which were supported by the evidence -- namely those restrictions the ALJ reasonably included in Plaintiff's RFC. Tr. 1394-99. To that end, the Court notes that Plaintiff does not challenge the accuracy of the ALJ's RFC finding on appeal, and also that the ALJ's hypotheticals incorporated all aspects of his RFC finding. *See* doc. 6, PageID 32, 37.

Next, the Court must inquire as to whether or not, at Step 5, the VE identified significant jobs in the national economy that Plaintiff can perform. Again, the Court answers in the affirmative. At Step 5, the Commissioner looks to the jobs in the national economy identified by the VE. As the statute advises, "'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

Here, as noted, the VE identified 23,500 jobs in the regional economy that Plaintiff can perform. Tr. 1397-98. Such a large number of jobs satisfies the ALJ's burden at Step 5 and constitutes substantial evidence of non-disability. *Compare Nejat v. Comm'r of Soc. Sec.*, 359 F. Appx. 574, 579 (finding that 4,800 jobs in the national economy is a "significant number"); *see also Hall*, 837 F.2d at 275 (finding that 1,350-1,800 jobs in the regional Dayton, Ohio economy is a "significant number").

In his Statement of Errors, Plaintiff argues the VE was somehow unclear regarding the number of jobs at issue. Doc. 6 at PageID 31; tr. 1395. Having carefully reviewed the record,

-8-

the Court disagrees. The VE clearly identified what constituted the regional economy, and also clearly identified the 23,500 jobs at issue. Tr. 1395-96. Additionally, the Court notes that Plaintiff's counsel had the opportunity to question the VE during the hearing to clarify any points he regarded as unclear. Indeed, Plaintiff's counsel questioned the VE extensively regarding other factors, such as Plaintiff's ability to interact with a supervisor. Tr. 1403. Plaintiff's counsel could have questioned the VE's testimony regarding the regional economy, had it presented him with confusion at the time of the hearing. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) ("[C]ounsel may not now complain because he failed to cross examine [the VE] when he had an opportunity to do so, just because he believed that the [VE] had offered a favorable opinion.").

In conclusion, the ALJ's non-disability finding is amply supported by the record as a whole. The record reveals that Plaintiff took no medications, saw no specialists, and received no extraordinary treatment for his various impairments. Tr. 1365-69. The ALJ's assessment is, without question, based on substantial evidence.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignment of error unmeritorious, and further finds the ALJ's non-disability determination supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.

January 9, 2014                                                                 s/Michael J. Newman
                                                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.   As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).